UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JIM KEITH EIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:17-cv-00476-WTL-DLP |
| | ) |
| J. E. KRUEGER, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND DIRECTING ENTRY OF FINAL JUDGMENT**

Jim K. Eis seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Eis asserts that, in view of *Mathis v. United States*, 136 S. Ct. 2243 (2016), he is no longer a career offender and should not have received an enhanced sentence. For the reasons discussed in this Order, his petition for writ of habeas corpus is **denied.**

### I. Factual and Procedural Background

On January 9, 2002, Mr. Eis was indicted in the Southern District of Iowa with one count of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; one count of manufacture of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 18 U.S.C. § 2; and one count of creating a substantial risk of harm to human life manufacturing a controlled substance, in violation of 21 U.S.C. § 858. *See United States v. Eis*, No. 3-01-cr-228 (S.D. Iowa 2001) (hereinafter, "Crim. Dkt."); Dkt. No. 10 at 5.

On December 21, 2001, the United States filed an Information pursuant to 21 U.S.C. § 851 providing notice of Mr. Eis' prior felony drug conviction in 1995 for delivery of imitation controlled substance in Douglas County, MO, Case No. CR194-8F. Dkt. No. 10 at 5-6.

After a three-day trial in April 2002, Mr. Eis was found guilty by a jury of all three counts as charged in the Superseding Indictment. *Id.* at 5.

The United States Probation Office filed a presentence report in preparation for sentencing. Dkt. No. 10. Under the United States Sentencing Guidelines ("U.S.S.G.") § 3D1, it was determined that counts 1 and 2 would be grouped and count 3 would be separately calculated. *Id.* ¶¶ 34-36.

The base offense level for counts 1 and 2 was 36. However, that level was increased: (a) by 6 because the offense involved the manufacture of methamphetamine and created a substantial risk of harm to the life of a minor, (b) by 4 because Mr. Eis was an organizer or leader of a group with five or more participants; (c) by 2 because Mr. Eis recruited minors to commit or assist in committing the offense; and (d) by 2 because of Mr. Eis' obstruction of justice. The adjusted offense level for counts 1 and 2 was 50. *Id.* ¶¶ 39-47.

The base offense level for count 3 was 39. However, that level was increased: (a) by 6 because the offense involved the manufacture of methamphetamine and created a substantial risk of harm to the life of a minor, (b) by 4 because Mr. Eis was an organizer or leader of a group with five or more participants; (c) by 2 because Mr. Eis recruited minors to commit or assist in committing the offense; and (d) by 2 because of Mr. Eis' obstruction of justice. The adjusted offense level for count 3 was 53. *Id.* ¶¶ 48-55. Under § 3D1.3(b), the highest offense level is the total offense level. Thus, Mr. Eis' total offense level was 53. Because of his prior criminal history, he was found to be in criminal history category III. *Id.* ¶ 59. The total offense level of 53 combined with a criminal history Category III resulted in a Guidelines custody range of life imprisonment. *Id*.

Because the United States filed an Information pursuant to 21 U.S.C. § 851, statutorily, for counts 1 and 2, Mr. Eis' minimum term of imprisonment was twenty years and the maximum term of imprisonment was life. *Id.* ¶ 112. However, because his sentencing guideline range of life imprisonment was higher than the statutory minimum sentence mandated by 21 U.S.C. § 841, Mr. Eis' sentence was not enhanced by his prior felony drug conviction reported in the § 851 Information. Mr. Eis was also not found to be an armed career criminal under the Armed Career Criminal Act ("ACCA") or a career offender under the Sentencing Guidelines.

Mr. Eis was sentenced to life imprisonment on counts 1 and 2, and to ten years on count 3, to be served concurrently. The life sentence was mandatory under the Sentencing Guidelines.[1]

Mr. Eis appealed his conviction and sentence. The Eighth Circuit affirmed his conviction and sentence and found that: (1) Mr. Eis was responsible for 957.52 grams of methamphetamine for purposes of sentencing; (2) the obstruction of justice enhancement was warranted; and (3) the enhancement for being a leader or organizer was warranted. *See United States v. Eis*, 322 F.3d 1023 (8th Cir. 2003).

In 2004, Mr. Eis filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 claiming ineffective assistance of counsel. The Southern District of Iowa denied Mr. Eis' § 2255 motion. Crim. Dkt. No. 142. Mr. Eis appealed, but the Eighth Circuit dismissed his appeal. *See Eis v. United States*, No. 06-3247 (8th Cir. 2007); Crim. Dkt. No. 150.

In 2008, Mr. Eis filed § 2241 petitions in the Southern District of Iowa and this Court asking for a dismissal of his case arguing that Iowa lacked jurisdiction to prosecute him. *See Eis*

---

[1] Mr. Eis was sentenced in 2002, prior to *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sentencing Guidelines are only advisory.

*v. United States*, Case No. 4:08-cv-350 (S.D. Iowa 2008); *Eis v. United States*, Case. No. 2:08-cv-436 (S.D. Ind. 2008). Both were denied.

## II. Discussion

Citing *Mathis*, Mr. Eis challenges his sentencing enhancement as a career offender or under 21 U.S.C. § 841. *See* Dkt. No. 1 at 12 (That petitioner's sentence be vacated and re-sentenced without an enhancement for being a career offender under 21 USC § 851). The United States filed a response in opposition. Dkt. No. 9. Mr. Eis did not file a reply, and the time to do so has passed.

To succeed on a motion for relief under § 2241, a motion pursuant to 28 U.S.C. § 2255 must be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Section 2255 is inadequate or ineffective if the following three requirements are met: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman–Low*, 503 Fed. Appx. 763, 765 (11th Cir. 2013) (citation omitted). Each of the three requirements to invoke the savings clause of § 2255(e) is discussed below.

### A. Statutory-Interpretation Case

The parties agree that Mr. Eis meets the first savings clause requirement. Dkt. No. 9 at 6. He challenges his sentence under *Mathis*, which is a case of statutory interpretation. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* "is a case of statutory interpretation");

4

*United States v. Bess*, 655 Fed. Appx. 518 (8th Cir. 2016) (recognizing that *Mathis* inquiry was "whether the statutory alternatives were means or elements").

### B. Retroactivity

The parties also agree that Mr. Eis meets the second savings clause requirement. Dkt. No. 9 at 6-7. The Seventh Circuit has determined that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review." *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) (internal citations omitted).

### C. Miscarriage of Justice

The final question is whether there has been a miscarriage of justice. Mr. Eis challenges his sentence enhancement either as a career offender under the Sentencing Guidelines or under 21 U.S.C. § 851(b)(1)(A), which prescribes certain statutory terms of imprisonment based on prior felony drug convictions. However, Mr. Eis was not found to be a career offender. Additionally, his sentence was not enhanced by his prior felony drug conviction. Rather, Mr. Eis was sentenced to life imprisonment under the Sentencing Guidelines based solely on the facts of the offenses for which he was tried and convicted in 2002 in the Southern District of Iowa. Therefore, *Mathis* does not apply to his sentence and offers no relief to Mr. Eis.

Accordingly, Mr. Eis cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition. *Rose vs. Hodges*, 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States.").

### III. Conclusion

The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)").

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 10/30/18

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

JIM KEITH EIS
08544-030
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov